**LILY TRUCK LEASING CORP. OF RHODE ISLAND**

v.

**R.  Gary CLARK, Tax Administrator.**

**No. 87-440-M.P.**

Supreme Court of Rhode Island.

April 11, 1989.

---

Gerald John Petros, Hinckley, Allen, Snyder & Comen, Providence, for plaintiff.

Marcia McGair Ippolito, Chief Legal Officer, Div. of Taxation, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari to review a judgment entered in the District Court that affirmed a decision by the tax administrator assessing a deficiency against Lily Truck Leasing Corp. of Rhode Island (the taxpayer). This petition was originally brought against John H. Norberg, tax administrator. We have substituted therefor in this opinion the name of the current tax administrator, R. Gary Clark. We affirm the judgment of the District Court. The facts in the case are undisputed and were set forth in the findings of the tax administrator as follows:

"1. Lily Truck Leasing Corp. of R.I. (taxpayer), a Rhode Island corporation formed in 1979, is engaged in the leasing of trucks.

2. The taxpayer is a wholly-owned subsidiary of Lily Truck Leasing Corp., a Massachusetts corporation having its principal place of business at 1280 Soldiers Field Road, Brighton, Massachusetts ('parent').

3. The parent corporation purchased seven (7) trucks from Gibb Ford, Inc., and registered said vehicles in Rhode Island.

4. When registering said vehicles, the parent corporation paid a tax on the vehicles based upon the acquisition cost of the vehicles.

5. The parent corporation purchased said vehicles with the express purpose of leasing said vehicles to its subsidiary, the taxpayer.

6. The reason for the leasing arrangement between the parent corporation and the taxpayer was to comply with the terms of a loan agreement between the parent corporation and its lendor, the First National Bank of Boston.

7. Pursuant to said loan agreement, the parent corporation was required to hold title to all the trucks purchased by it.

8. The parent corporation leased the seven (7) vehicles to the taxpayer and charged it on a weekly basis for the leased vehicles.

9. The taxpayer subsequently leased the seven (7) vehicles to its Rhode Island customers.

10. An audit was conducted on the taxpayer which resulted in an additional measure of tax of $1,275,543.12 being assessed to the taxpayer.

11. The basis for the assessment was the taxpayer's failure to collect a tax on lease charges to its Rhode Island customers.

12. A notice of deficiency determination dated January 27, 1984 was directed to the taxpayer as follows:

| | |
|---|---|
| Tax | $ 76,532.59 |
| Interest | 19,654.43 |
| Penalty | 7,653.26 |
| TOTAL | $103,840.28" |

Thereafter, the taxpayer requested an administrative hearing, which was granted in accordance with G.L.1956 (1988 Reenactment) § 44–19–17. This administrative hearing resulted in a final administrative decision upholding the deficiency determination issued by the tax administrator on August 3, 1984. The tax administrator's decision was affirmed on appeal by a justice of the District Court pursuant to the standard of review set forth in G.L.1956 (1984 Reenactment) § 42–35–15(g).

■ The taxpayer's challenge to the judgment of the District Court is based upon its interpretation of § 44–18–27, which reads in pertinent part as follows:

"If the sole use of the property, other than retention, demonstration, or display in the regular course of business, is the rental of the property while holding it for sale or rental, the purchaser or lessor may elect to pay the tax as measured by the cost of the property to him or her. The election shall be exercised by payment of the sales tax to the seller or by filing the required use tax return on or before the due date. Upon a subsequent sale of such property, however, the person making the sale shall include the full amount of the selling price in his or her gross receipts and shall pay the tax thereon."

The taxpayer argues that when sales or use tax is paid upon the purchase of tangible personal property (in this case trucks) that will be held for purposes of rental, then no sales tax should be assessed under the statute upon the rental charges made to customers of the entity that has already paid a sales or use tax on the property. In stating this proposition, the taxpayer is correct, but the proposition of law is not applicable to the facts of the instant case.

■ In this case the corporate entity that paid the use tax was not the taxpayer but was actually a Massachusetts corporation (Lily Truck Leasing Corp.) which was the parent corporation of the taxpayer. The taxpayer is a separate corporate entity. It is undisputed that the parent corporation paid a use tax upon the seven trucks that had been purchased from a Massachusetts dealer. The parent corporation then leased the trucks to the taxpayer corporation, charging the taxpayer a weekly rental for the leased vehicles. No tax was assessed upon this transaction. In accordance with the statute, a subsequent sale (which would include a rental) would be subject to a tax upon the selling or rental price based upon gross receipts. It should be noted that pursuant to § 44–18–8 a retail sale includes "rentals of tangible personal property."

Thus, according to § 44–18–27, read together with § 44–18–8, the first rental by the parent corporation to the subsidiary was tax free. Any subsequent sale or rental of the trucks was subject to a sales tax based upon the gross amount of the rentals received from the taxpayer's various Rhode Island customers. Contrary to the taxpayer's argument, there has been no double taxation. This court has previously held in *Parrillo v. Giroux Co.*, 426 A.2d 1313, 1321 (R.I.1981), that corporations are regarded as separate entities even though there may be a parent-subsidiary relationship between them. In that case we were dealing with a question of liability to be imposed upon the parent for the tort of the subsidiary. We pointed out that in the absence of evidence that the parent dominated the finances, policies, and practices of the subsidiary, courts will generally respect the independent character of each corporation. *See, e.g., Team Central, Inc. v. Teamco, Inc.*, 271 N.W.2d 914 (Iowa 1978); *Gentry v. Credit Plan Corp. of Houston*, 528 S.W.2d 571 (Tex.1975). This doctrine should appropriately be applied in respect to principles of taxation. In the absence of evidence that the parent has dominated the finances, policies, and practices of the subsidiary, the tax administrator and the courts would respect the independent character of each corporation and regard each corporation as a separate taxable entity.

In the case at bar we find that there was competent evidence, indeed undisputed evidence, to support the findings of fact of the District Court and the tax administrator. We are of the opinion that the conclusions of law reached by the District Court on these facts were entirely correct.

For the reasons stated, the petition for certiorari is denied. The writ heretofore issued is quashed. The judgment of the District Court is affirmed, and the papers in the case may be remanded to the District Court of the Sixth Division with our decision endorsed thereon.